COMMONWEALTH *vs.* NOEL PAGAN. November 21, 2013. *"School Zone" Statute. Statute,* Emergency law, Retroactive application, Amendment. *Due Process,* Retroactive application of statute.

On August 19, 2009, Marlborough police officers executed a search warrant

---

at the defendant's residence and discovered a quantity of cocaine and drug-dealing paraphernalia. The defendant's residence was located approximately 700 feet from an accredited preschool facility. The next day, the defendant was charged by criminal complaint in the District Court with possession of a class B substance (cocaine) with intent to distribute, in violation of G. L. c. 94C, § 32A (a); and committing this violation of § 32A (a) within 1,000 feet of a preschool facility, in violation of G. L. c. 94C, § 32J, commonly known as a "school zone" violation.

On August 2, 2012, the Governor signed into law St. 2012, c. 192, entitled "An Act relative to sentencing and improving law enforcement tools" (Crime Bill), which contained an emergency preamble that made it effective immediately on enactment. Section 30 of the Crime Bill amended G. L. c. 94C, § 32J, by reducing the radius of the school zone from 1,000 feet to 300 feet. On September 13, 2012, the defendant moved to dismiss the school zone violation, claiming that § 30 of the Crime Bill applies to all cases alleging a school zone violation that had not been adjudicated before August 2, 2012, and that his alleged violation occurred outside the amended school zone.[1] The judge initially allowed the defendant's motion to dismiss but reconsidered his decision on motion of the Commonwealth and issued a new order denying the motion to dismiss. The judge later reported the following question to the Appeals Court:

> "Are violations of G. L. c. 94C[, § 32J,] that occur prior to August 2, 2012, the effective date of the Crime Bill, governed by the element of the cause in effect at the time of the offense or at the time of trial"?

We allowed the defendant's application for direct appellate review. The reported question is effectively the same as that asked in the case of *Commonwealth* v. *Bradley, ante* 551 (2013), which we paired for oral argument with this case, and our answer is the same.

Section 30 of St. 2012, c. 192, applies to all cases alleging a school zone violation for which a guilty plea had not been accepted or conviction entered as of August 2, 2012, regardless of whether the alleged violation was committed before August 2, 2012. *Commonwealth* v. *Bradley, supra.* The judge's order denying the defendant's motion to dismiss is vacated, and the case is remanded to the District Court for further proceedings consistent with this opinion.

*So ordered.*

*Jennifer A. Sunderland,* Committee for Public Counsel Services, for the defendant.

*Brook S. Lane,* Assistant District Attorney, for the Commonwealth.

*Barbara J. Dougan,* for Families Against Mandatory Minimums, amicus curiae, submitted a brief.

---

[1]The record does not reflect the reason the case had remained pending for so long.